COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Bray
Argued at Richmond, Virginia


CLARENCE GIBSON, t/a D & V AUTO SALES

v.          Record No. 0915-95-3      MEMORANDUM OPINION[*] BY
                                       JUDGE RICHARD S. BRAY
COMMISSIONER OF THE DEPARTMENT              MAY 21, 1996
 OF MOTOR VEHICLES


              FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                   Joshua L. Robinson, Judge Designate

              C. Waverly Parker for appellant.

              Eric K. G. Fiske, Assistant Attorney General
              (James S. Gilmore, III, Attorney General, on
              brief), for appellee.


     In denying the application of Clarence R. Gibson, t/a D & V

Auto Sales, for licensing as a "SALVAGE DEALER" pursuant to Code

§ 46.2-1601, the Commissioner of the Department of Motor Vehicles

(commissioner) determined that Gibson had failed to establish

"compliance with all applicable [zoning] ordinances . . . ."

Gibson petitioned for judicial review, and the trial court

affirmed the commissioner.  On appeal to this Court, Gibson

contends that the commissioner erroneously required compliance

with an inapplicable ordinance.  We disagree and affirm the

order.

     The parties are conversant with the record, and a recitation

of the facts and procedural history is unnecessary to this

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

memorandum opinion.

Judicial review of "agency action" is governed by Code § 9-6.14:17. Agency action is presumed valid, and the burden rests upon the complaining party "to designate and demonstrate an error of law subject to review by the court." Code § 9-6.14:17; EDF v. State Water Control Bd., 15 Va. App. 271, 277, 422 S.E.2d 608, 611 (1992). "Such issues of law include . . . (iv) the substantiality of the evidential support for findings of fact." Code § 9-6.14:17; see Johnston-Willis v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988). A court may reject an "'agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion.'" EDF, 15 Va. App. at 277-78, 422 S.E.2d at 612 (citations omitted).

Here, the disputed administrative decision arose from Gibson's application "to engage in business . . . as a [vehicle] . . . salvage dealer" pursuant to Code § 46.2-1601, which provides, in pertinent part, that "[n]o license shall be issued or renewed for any person unless the licensed business . . . is shown to be in compliance with all applicable zoning ordinances." (Emphasis added). The zoning administrator of Rockingham County, situs of the requested license, testified that the proposed activity did not comply with the local zoning ordinance. Gibson countered that his salvage business and attendant uses predated the 1969 ordinance, and its provisions were, therefore,

inapplicable pursuant to Code § 15.1-492.[1]

Code § 15.1-492 assures the right to continue the "lawful use" of any land, buildings, and structures "'existing on the effective date of the zoning restriction and continuing since that time in non-conformance to the ordinance.'" Knowlton v. Browning-Ferris, 220 Va. 571, 572 n.1, 260 S.E.2d 232, 234 n.1 (1979) (citation omitted). However, a "use accessory or incidental to a permitted use 'cannot be made the basis for a nonconforming principal use.'" Id. at 575-76, 260 S.E.2d at 236 (citation omitted). In a civil proceeding,[2] the "land user has both the burden of initially producing evidence tending to prove a lawful nonconforming use and the burden of persuading the factfinder." Id. at 574, 260 S.E.2d at 235. Thus, "the risk of non-persuasion . . . rests with the land user claiming the right to continue a nonconforming use." Id. at 575, 260 S.E.2d at 236.

Following a lengthy informal hearing pursuant to Code § 9-6.14:11, the commissioner, in denying the license, determined that the activities subject of Gibson's application were governed by the local ordinance and did not comply with its provisions. Although the commissioner concluded that Gibson qualified for a "Rebuilder license," see Code § 46.2-1600, a business permitted

---

[1]It is uncontroverted that the business did not comply with the local ordinance.

[2]A different burden of proof pertains in a criminal prosecution for a zoning violation. Knowlton, 220 Va. at 574, 260 S.E.2d at 235.

by the local zoning ordinance, and had engaged in related activities on the subject property prior to 1969, such evidence was deemed insufficient to establish that Gibson had likewise operated as a salvage dealer, acquiring vehicles for the "purpose" of selling "parts," previous to enactment of the ordinance. The commissioner noted that prior licensing of Gibson by the DMV as a "Rebuilder" included the authority to acquire "salvage vehicles" and the "sale of parts." However, the attendant salvage activity was only incidental to Gibson's rebuilder license and differed from the primary function of a "salvage dealer." See Code § 46.2-1600.

These findings and conclusions are supported by the record and consistent with statute. The trial court, therefore, correctly concluded that the commissioner's ruling was "not arbitrary or capricious" and consistent with "substantial evidence in the agency record." Accordingly, we affirm the decision.

Affirmed.